637 So.2d 1272 (1994)
STATE of Louisiana
v.
Wayne THOMAS.
STATE of Louisiana
v.
Merlin RENARD.
Nos. 92-KA-1428, 93-KA-2083.
Court of Appeal of Louisiana, Fourth Circuit.
May 26, 1994.
*1273 Harry F. Connick, Dist. Atty., Mark D. Pethke, Asst. Dist. Atty., New Orleans, for appellee.
Archie B. Creech, New Orleans, for appellants.
Before WARD, WALTZER and LANDRIEU, JJ.
LANDRIEU, Judge.
On April 30, 1978, an altercation erupted between defendant Wayne D. Thomas and Maurice Green. Green retreated from the scene. Tyrone Hill (Green's cousin) and Reginald Wilson (Hill's cousin) witnessed the altercation and, apparently concerned about Green's safety, proceeded towards Green's residence. Before reaching their destination, however, Hill and Wilson encountered Thomas, now armed with a rifle, and defendant Merlin Renard (Thomas's cousin), who carried a handgun. Thomas and Renard opened fire, killing Hill and wounding Wilson.
In June 1978, Renard and Thomas were both charged by grand jury indictment with *1274 the second degree murder[1] of Hill and the attempted second degree murder[2] of Wilson. In July 1978, after a trial by jury, the defendants were found guilty as charged and sentenced to concurrent terms of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence for the first forty years on the second degree murder conviction and to fifty years at hard labor on the attempted second degree murder conviction. Pursuant to errors patent appeals, the defendants' convictions and sentences were affirmed in 1983. State v. Renard, 426 So.2d 189 (La.1983). In light of Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990), however, the trial court reinstated the appeals in 1992.[3]

ASSIGNMENT OF ERROR ONE:
The defendants argue that, based on the absence of "critical portions of the transcript," their rights to appeal, due process, and effective assistance of counsel have been violated. The state constitution provides that "[n]o person shall be subjected to imprisonment... without the right of judicial review based upon a complete record of all evidence upon which the judgment is based." La. Const. Art. I, § 19 (West 1977) (emphasis added). In felony cases, the recording of "all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel" is statutorily required. La.Code Crim.Proc. Ann. art. 843 (West 1984).[4]
In this case, the record contains a transcript of the evidentiary portion of the trial, but does not contain a transcript of the voir dire, jury instructions, or opening and closing arguments. Because the missing portions of the trial record are not evidentiary, their absence does not compromise the defendants' constitutional right to a judicial review of all evidence. Moreover, the minute entry of the trial does not indicate that the defense raised any objections during these proceedings.[5] Thus, the record before us is adequate for full appellate review. State v. Francis, 345 So.2d 1120, 1125 (La.), cert. denied, 434 U.S. 891, 98 S.Ct. 267, 54 L.Ed.2d 177 (1977). Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR TWO:
At trial, Wilson testified that Thomas carried a rifle and Renard carried a handgun.[6] However, a supplemental report written by the investigating police officer, Detective Charles Schlosser, Jr., indicated that Wilson said Thomas was armed with a handgun and Renard was armed with a rifle. Based on this discrepancy and in light of the fact that no pellet was recovered from Hill's brain and it could not be determined whether Hill was shot by a rifle or a handgun,[7] the defendants contend that the State withheld exculpatory evidence in failing to provide a copy of this supplemental report pursuant to defense discovery *1275 requests.[8] They argue that, had the supplemental report been disclosed to the defense and used to impeach the credibility of Wilson, there is a reasonable probability that the outcome of the trial would have been different. We disagree.
Upon request of the defendant, the State must produce exculpatory evidence, i.e. material evidence favorable to the defense which supports innocence. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); State v. Banks, 446 So.2d 497, 500 (La.App. 4th Cir.1984). Although unlimited discovery of police investigatory files is not required, United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), a witness's statement which is incorporated into official investigatory reports is discoverable when the witness signs or otherwise adopts the statement or when it is "a substantial verbatim recital of the witness's words." State v. Banks, 446 So.2d at 501 (citations omitted).
In this case, the supplemental report does not contain any statements made by Wilson which were adopted by him[9] or which were a "substantially verbatim recital" of his words[10] and therefore could not have been used to impeach his credibility. In any event, statements by both defendants which were admitted at trial, as well as Renard's testimony at trial, corroborated the fact that Thomas carried the rifle and Renard carried the handgun. In light of this evidence, the supplemental report cannot be deemed Brady material. Accordingly, this assignment is without merit.

ASSIGNMENT OF ERROR THREE:
Although transcript of the jury instruction is not available, the defendants contend that the jury instructions given by Judge Frank Shea at the time of this trial were violative of Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). Based on this contention, the defendants argue that the trial court incorrectly defined reasonable doubt in its jury instruction and that their counsels were ineffective for failing to object to the jury instruction.
Because there is no indication in the record that a contemporaneous objection was made to the jury instructions, this issue is not preserved for appeal. State v. Berniard, reh'g en banc per curiam, 625 So.2d 217, 220 (La.App. 4th Cir.1993). As to the defendants' ineffective assistance of counsel argument, this court rejected the same argument in State v. Wolfe, 630 So.2d 872, 883-884 (La.App. 4th Cir.1993), "[b]ecause at the time of trial, this jury instruction had been upheld by the Louisiana Supreme Court, any objection made by counsel would have been a vain and useless act and counsel was not "deficient" for failing to object." See State v. Taylor, 410 So.2d 224, 225 (La.1982) (upholding Cage instruction). The trial counsel's professional decision to object or not object can only be viewed in accordance with the law as it was enunciated at the time of the trial and should not be deemed deficient in light of the hindsight created by the Cage decision. Accordingly, this assignment is without merit.

ASSIGNMENT OF ERROR FOUR:
Finally, Renard contends his counsel was ineffective for failing to object to his appearance in court in prison clothes. Compelling a criminal defendant to stand trial in readily identifiable prison attire over his express objection infringes upon his presumption of innocence and constitutes a denial of due process. State v. Spellman, 562 So.2d *1276 455, 456 (La.1990) (citations omitted). However, in accordance with Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Renard must show that, in failing to object, his counsel's performance was deficient and that the deficiency was prejudicial. If the claim fails to satisfy either of the Strickland criteria, the court need not address the other. State v. Martin, 624 So.2d 448, 450 (La.App. 4th Cir.1993).
The record reflects only that Renard wore a "yellow jumper" at trial and that no objection was raised as to his appearance in prison clothes. Even accepting the "yellow jumper" as identifiable prison garb, Renard fails to show the requisite prejudice or demonstrate that the verdict would have been different had defense counsel objected to the prison clothes. Wilson, the surviving victim, identified Renard as one of the perpetrators. Renard admitted on the witness stand that he, along with Thomas, fired shots in the direction of Hill and Wilson. Police officers testified that, shortly after the incident, Renard and Thomas admitted in statements that they retrieved guns and fired them at the victims. In light of this evidence, it does not appear that counsel's objection would have affected the outcome of the trial. Therefore, Strickland is not satisfied and this assignment of error is without merit.
For the foregoing reasons, we affirm the defendants' convictions and sentences.
AFFIRMED
NOTES
[1] La.Rev.Stat.Ann. § 14:30.1 (West 1986).
[2] La.Rev.Stat.Ann. § 14:27 (West 1986).
[3] The reinstated appeals were subsequently consolidated by this Court.
[4] La.Rev.Stat.Ann. § 15:511(A) (West 1992), enacted in 1986 and providing that "[t]he court reporter shall retain indefinitely all notes and tape recordings of a criminal case," clearly does not apply to these defendants who were tried in 1978.
[5] In the numerous applications for post-conviction relief filed by the defendants since 1982, they have never raised any argument concerning an irregularity in voir dire, jury instruction, or opening and closing argument. Thomas appears to have requested the trial transcript in 1979, and Renard moved for a trial transcript as early as November 4, 1981. However, "trial transcript" does not include voir dire, opening or closing argument or jury instructions if no objection is made during those portions of the trial. Absent a specific court order, a court reporter does not usually transcribe those portions. Renard did specifically move for a transcript of the opening statement in 1984 and the defendants began demanding the other missing excerpts in 1990.
[6] Renard, testifying in his own defense, also stated that Thomas carried a 30-06 rifle and that he carried a .38 handgun.
[7] Chief Consultant Pathologist for Orleans Parish, Dr. Monroe Samuels, testified that he was unable to determine whether the murder weapon was a low caliber rifle or handgun.
[8] We note that the defendants made this argument in applications for post conviction relief filed in the trial court. The trial court denied defendants relief, stating that there was no inconsistency and that the outcome of the trial would not have been different had evidence been presented.
[9] "A witness adopts a statement only when he approves as his own the investigating officer's summary, selections, and interpretations of the witnesses's oral statements; a witness does not adopt a statement when the person taking the statement does not read it to the witness or when the witness does not read what the officer had written." State v. Banks, 446 So.2d at 501 (citations omitted).
[10] Phrases or isolated sentences used by the witness and incorporated into a police officers investigatory notes generally do not constitute the requisite substantial verbatim of recital. See State v. Banks, 446 So.2d at 501 (citations omitted).