|, KLEES, Chief Judge.
On June 8,1995, appellant Rodney Richards was charged by bill of information with armed robbery. On July 10, 1995, a jury found him guilty of the lesser included offense of first degree robbery. On July 25, 1995, Richards pled guilty to the multiple bill and was sentenced to serve twenty-seven years at hard labor, without benefit of probation, parole or suspension of sentence, as a triple offender. Defendant then appealed based on several assignments of error.
In an opinion rendered on December 9, 1998, this court reversed defendant’s conviction on the basis of defendant’s first assignment of error. State v. Richards, 96-0331 (12/9/98); 735 So.2d 140. However, the Supreme Court reversed this decision in a per curiam opinion and remanded the case to this court to consider defendant’s remaining assignments of error. State v. Richards, 99-0067 (La.9/17/99), — So.2d -, 1999 WL 735178.

STATEMENT OF THE FACTS

A restatement of the facts as stated in our earlier opinion is as follows:
About 10:00 p.m. on the night of January 25, 1995, defendant Rodney Richards knocked on the front door of Ms. Hilda Ina’s apartment. Ms. Ina’s grandson, seven-year-old Ashton, opened the door. The defendant then came through the front door, ran through the apartment and ran out the back door. Ms. Ina babysits Ash-ton after school while her daughter Darlene works. Sometimes Ashton stays the night. On this night, because of the defendant’s unusual behavior running through her apartment, Ms. Ina called Darlene, who lives a few doors away, told her what happened, and told her to come get Ashton and take him home. Ms. Ina recognized the defendant from the St. Thomas Housing Project, where they both lived. Ms. Ina also knows the defendant’s mother, and the defendant’s sister and Darlene were close friends when they were growing up.
| ¡Around midnight, the defendant came back to Ms. Ina’s apartment. He asked to come in. He told Ms. Ina he had something to tell her. She thought he might have come to apologize for his behavior earlier in the evening. The defendant took a seat, said nothing, and would not leave. He pretended to be asleep. Ms. Ina told him her brother would be home soon, but the defendant did not respond. She then called her daughter to tell her what was going on. She put the phone down, and her daughter remained on the line. The defendant then asked for some water and went into the kitchen. Ms. Ina went into the kitchen after him to see what he was doing. She saw him trying to unplug her microwave oven. When she told him not to take it, he grabbed a knife from the sink and began jabbing it towards her. Ms. Ina backed up towards the front door. The defendant then ran out the back door with the knife and the microwave oven.
After the defendant left, Ms. Ina got back on the phone with Darlene and told her what happened. Darlene told her to call the police, which she immediately did. Officer Granville Summers responded, interviewed Ms. Ina and her daughter, obtained an arrest warrant, and entered the defendant’s warrant on the NCIC computer.
On April 25, 1995, Officer Melvin Williams responded to a disturbance at the home of the defendant’s mother. She *332 phoned the police to complain that she could not get her son, the defendant, to leave the premises. Officer Williams checked the NCIC computer and found that there was an arrest warrant out for the defendant for the instant offense.
Darlene Ina corroborated her mother’s testimony relative to the phone calls, and that she retrieved her son after the first phone call from her mother. She further corroborated that she was friends with the defendant’s sister when they hwere growing up. She further testified that she told her mother the defendant’s last name, as her mother knew him only by his first name.
The defendant testified that he went to Ms. Ina’s apartment only once that evening, at her request. He testified that she told him she had sold or pawned her microwave to someone named “Mike” and wanted him to get it back for her, but he refused. He further testified that she gave him eight dollars and asked him to get her some more drugs. He testified that he had been in her apartment others times, and that they did drugs together. He testified that she put the charge on him because he would not help her get her microwave back, and because he would not get her anymore drugs that evening. He admitted three prior felony convictions.

ERRORS PATENT REVIEW and ASSIGNMENT FIVE

A review of the record for patent errors revealed none.

ASSIGNMENT TWO

The appellant argues by his second assignment that he was denied due process when the trial court admitted testimony of another unrelated and otherwise inadmissible crime. The appellant specifically complains of the arresting officer’s testimony relative to the circumstances of the arrest. The prosecutor asked Officer Williams to “describe the basis” for the defendant’s arrest. Officer Williams responded that “there was a call of a disturbance at that location. We responded to the location and met with Mrs. Richardson (the defendant’s mother) who stated that she was having some problem with her son and she had asked him several times to 14leave her residence, at which time he refused.” Counsel objected and asked to approach the bench, after which the objection was sustained. At the conclusion of the witness’s testimony, while the jury was in recess, the court considered and denied the defense motion for mistrial on the “other crimes” reference.
The State responds that there was no “other crime” reference. Rather, there was the mention of a disturbance, and the defendant refused to leave his mother’s home. The defense argues that this is a reference to a disturbance of the peace. However, the officer testified only that he responded to a disturbance. He did not even state that the defendant was the perpetrator of the disturbance. The facts of the disturbance may also have been construed as trespass, or some other offense, but no named offense was mentioned in this response. The only offense subsequently referenced by the officer was the armed robbery charge which was the basis of the arrest warrant in the instant case. The officer’s testimony relative to a “disturbance” and the complaint by the defendant’s mother that the defendant “refused to leave” are vague and not sufficiently prejudicial to warrant a reversal.
This assignment is without merit.

ASSIGNMENT THREE

The appellant next argues that he has been denied due process for the failure of the courts to provide him with a complete transcript for appellate review. Specifically, the appellant argues that the record is missing the pre-trial hearing, the entire voir dire, opening statements and closing arguments.
Where the record includes a complete transcript of the evidentiary portion of the trial, the appellant’s “constitutional right to a judicial review of all evidence” has not been compromised. State v. Thomas, 92-1428 (La.App. 4th *333 Cir.5/26/94), 637 So.2d 1272, writ denied, 94-1725 (La.11/18/94), 646 So.2d 376, cert. denied, 514 U.S. 1054, 115 S.Ct. 1437, 131 L.Ed.2d 317 (1995). As to other untran-scribed portions of the record, where there were no contemporaneous objections, the errors were not preserved for appeal. State v. Harrison, 627 So.2d 231, 233 (La.App. 4th Cir.1993).
As in Thomas, the record in the instant case contains a complete transcript of the evidentiary portion of the trial. Most of the other transcripts were ultimately obtained as well, and provided to counsel. On March 20, 1998, the court reporter certified that there were no objections to the voir dire, opening statements or closing arguments. On June 9, 1998, transcripts of the opening statements and closing arguments were filed into the record. Appellant counsel was notified of the filing and, on June 12, 1998, obtained the record for review of the supplemental filings, but filed no supplemental brief. As to the pretrial motion transcript, no evidence or pretrial statement was admitted. The arrest warrant and the application for the arrest warrant were admitted into evidence, but the appellant claims no illegality or irregularity in the arrest or the arrest warrant. Accordingly, the appellant has not been denied the right of full appellate review for the lack of any of the above transcripts.

ASSIGNMENT FOUR

The appellant here argues that the evidence was insufficient to sustain the conviction. Specifically, the appellant argues that the State failed to sufficiently prove any of the elements of first degree robbery; namely, 1) that he took anything of value, 2) used force or intimidation, or 3) led the victim to reasonably believe that he was armed with a dangerous weapon.
|fiWhen assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986); State v. Jones, 537 So.2d 1244 (La.App. 4th Cir.1989). The trier of fact’s credibility determination will not be disturbed on appeal unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938 (La.1984).
The victim testified that the defendant threatened her with a knife while taking her microwave oven. That testimony is direct proof of each of the required elements. The investigating officer and the victim’s daughter corroborated portions of the victim’s account. The only contradictory evidence was the testimony of the defendant. The victim’s testimony was thus not clearly contrary to the evidence and should not be disturbed on appeal.

ASSIGNMENT SIX

The appellant avers that if the errors do not singly require reversal, they cumulatively require reversal. The appellant cites no law for this claim. This assignment has no merit.
Accordingly, the conviction and sentence of defendant, Rodney Richards, are affirmed.
AFFIRMED.