761 So.2d 596 (2000)
STATE of Louisiana
v.
Eric P. WOLFE.
No. 99-KA-0389.
Court of Appeal of Louisiana, Fourth Circuit.
April 19, 2000.
*598 Harry F. Connick, District Attorney, Cate L. Bartholomew, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff-Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant-Appellant.
(Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES, III, Judge MICHAEL E. KIRBY).
BYRNES, Judge.
Eric Wolfe[1] was charged by bill of information on August 12, 1998, with a two-count violation of La. R.S. 40:967(B)(1), to wit: distribution of cocaine and possession of cocaine with intent to distribute. At his arraignment on August 19, 1998, he pled not guilty to each count. Prior to commencement of trial on September 12, 1998, he withdrew his not guilty pleas and pled guilty to both counts. Legal delays were waived and he was sentenced on each count to serve five years at hard labor without benefit of probation, parole or suspension of sentence. On October 21, 1998, the State filed a multiple bill, and on December 3, 1998, Wolfe was adjudged a third felony offender. His original sentence on count one of five years was vacated, and he was sentenced to life imprisonment, without benefit of parole, probation or suspension of sentence, with credit for time served.
The facts of the offenses charged herein are not at issue.

ERRORS PATENT
A review for errors patent on the face of record reveals none.

ASSIGNMENT OF ERROR NUMBER
The defendant assigns error to the trial court's refusal to uphold the plea bargain agreement in which the State agreed not to multiple bill the defendant.
This assignment is without merit.
On September 24, 1998, the defendant pled guilty to both counts of the present charge. He pled as Eric Wolfe, a person who had no criminal record, and was sentenced on each count to five years at hard labor, without benefit of parole, probation or suspension of sentence, under La. R.S. 14:574.5, with special conditions. In exchange for the guilty plea, the State agreed not to multiple bill Eric Wolfe. However, shortly after the State accepted the plea bargain, it learned that the defendant had concealed his true identity. He was in fact Steven Burbanks[2], a person with a lengthy criminal history and felony convictions. Consequently, on October 21, 1998, the State filed a multiple bill against the defendant. The defendant responded with a motion to quash. At the hearing on *599 December 3, 1998, the trial judge denied the motion to quash, and gave the defendant the opportunity to withdraw his previous guilty plea, which he refused to do. He argued that his guilty plea was a negotiated plea with the State, in the nature of a contract. He maintained that since he relied upon the agreement to his detriment, by forfeiting his right to trial, he argued that the State should be made to honor the agreement.
In denying the defendant's motion to quash the multiple bill the judge noted:
Through counsel, Mr. Wolfe, also known as Steven Burbanks, has refused a right to withdraw the plea of guilty and to proceed to trial on the possession of the distribution of cocaine charge. He refused to do that, he wishes to maintain his plea of guilty to the charge in the Bill of Information.
The court believes that Steven Burbanks, also known as Eric Wolfe, lied at the time of his arrest and gave a false name with full knowledge that that false name, the personthe actual person, Eric Wolfe, did not have any criminal history. The Court feels the defendant is not going to be allowed to take advantage of any follies he attempts to play upon this Court or anyone else. He should not come into this court at a late date and benefit from the fact of his lying or stating intentional falsehoods to the Court or any other officials in law enforcement. He should not get the benefit of that. I will deny any Motion to Quash ...
In my opinion, lied (sic) when he gave the name "Eric Wolfe". He gave that name. He came in this court, he sat over there, addressed  when he was addressed as the name "Eric Wolfe", he signed the plea of guilty form, he initialed it, he answered questions, he was going to trial under that name, he was introduced to jurorsthe entire proceeding, the entire episode was a fraud perpetrated by Steven Burbanks giving this Court the information that he was Eric Wolfe, a person he was not, a name that I understand he has never used before and that he used it simply at the time of his being arrested for this narcotics charge, and it is my opinion he used that so that his true identity and his true criminal history could not be known.
A plea bargain is a contract between the State and the defendant. Basic principles of contract law are applicable to plea bargain disputes. State v. Lewis, 539 So.2d 1199, 1204 (La.1989). A plea bargain agreement requires the consent of the State and the defendant. Error, fraud, or duress may vitiate consent. Id. at p. 1204.
Inasmuch as the defendant deliberately misled the State as to his true identity for the purpose of gaining an advantage, it does not appear that the trial court erred in refusing to hold the State to its promise not to multiple bill the defendant. In addition, the court gave the defendant the option of withdrawing his plea, and the defendant chose not to do so.

ASSIGNMENT OF ERROR NUMBER 2
In this assignment the defendant argues the trial court erred in adjudging him a triple offender. More particularly, he claims the State produced insufficient evidence of his identify, and, further, that the State failed to show that one of his predicate guilty pleas was knowingly and voluntarily made.
The State multiple billed the defendant on the basis of two possession of cocaine convictions  one in 1997 following a jury trial, and the other in 1993 following a guilty plea.
La. R.S. 15:529.1 D(1)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. The State must establish the prior felony and that the defendant was the same person convicted of that felony. State v. Neville, *600 96-0137 (La.App. 4th Cir. 5/21/97), 695 So.2d 534, writ denied 97-1637 (La.12/12/97), 704 So.2d 1180. There are various methods available to prove that the defendant is the same person convicted of the prior felony offense, such as testimony from witnesses, expert opinion regarding the fingerprints of the defendant when compared with those in the prior record, or photographs in the duly authenticated record. State v. Henry, 96-1280 (La.App. 4 th Cir. 3/11/98), 709 So.2d 322.
At the multiple bill hearing the State presented the testimony of Officer Raymond Lucemore, a custodian of arrest registers for the NOPD, and expert in the taking and analysis of fingerprints. He testified that he took the defendant's prints in court that morning and compared those prints to the fingerprints on the certified copies of arrest registers from the defendant's two predicate convictions. He determined that the in-court fingerprints matched the fingerprints on both arrest registers.
In State v. Bell, 97-1134 (La.App. 5th Cir. 2/25/98), 709 So.2d 921, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477 the Fifth Circuit held that testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records was sufficient to prove that the defendant was the person convicted of the prior offenses. Thus, in this case it appears the State proved the defendant's identity as the person who committed the predicate offenses.
Where a prior conviction resulted from a guilty plea, the State must show that the defendant was advised of his constitutional rights, and that he knowingly waived those rights prior to the guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Shelton, 621 So.2d 769 (La.1993). If the defendant denies the allegation of the bill of information, the State has the burden of proving the existence of the prior guilty pleas, and that the defendant was represented by counsel. Shelton, 621 So.2d at 779. Once the State meets this burden, defendant must produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. Thereafter, the State must prove the constitutionality of the plea. Id. at 779.
In proving the constitutionality of the plea, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. State v. Shelton, 621 So.2d at 780. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary. Id. at 780.
At the multiple bill hearing in this case the State introduced the waiver of rights-plea of guilty form for the defendant's 1993 possession of cocaine conviction, as well as the minute entry memorializing the guilty plea. The guilty plea form is initialed and signed by the defendant, the judge and defense counsel in the appropriate places. Moreover, the minute entry indicates that "through counsel, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged."
In this case, the State submitted sufficient proof of the existence of the prior guilty plea and that the defendant was represented by counsel at the time the guilty plea was taken. However, defendant failed to produce affirmative evidence of an infringement of his rights or a procedural irregularity. In fact, the defendant failed to file a written response to the bill of information, setting forth with particularity his claim and the factual basis for it, as mandated by La. R.S. 15:529.1 D(1)(b). He did, however, object to its use at the hearing, preserving the issue for review. State v. Anderson, 97-2587 (La.App. 4th *601 Cir. 11/18/98), 728 So.2d 14. This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 3
In a final assignment of error, the defendant attacks his sentence as unconstitutionally excessive.
La. R.S. 15:529.1 provides in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* * *
(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The defendant was adjudicated a third felony offender for distribution of cocaine. This conviction was a violation of the Uniform Controlled Dangerous Substances Law, punishable by a term of more than five years; therefore, the law mandates a sentence of life imprisonment, without benefit of parole, probation or suspension of sentence.
Whether a sentence imposed is excessive depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. I, Sec. 20, if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
The appellate courts of this state have recognized that declaring a sentence under the Habitual Offender Law constitutionally excessive should be a rare act, not a commonplace practice. State v. Lacoste, 97-1113 (La.App. 4th Cir. 5/28/97), 695 So.2d 1121. Furthermore, the minimum sentence compelled by Louisiana law is presumed not to be excessive. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 675. To rebut this presumption, the defendant must present clear and convincing evidence that the mandatory minimum sentence is constitutionally excessive in his particular case. Id. at 676. Specifically, the defendant has the burden of showing that he is a victim of the legislature's failure to assign sentences that are "meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." Id. at 676.
In this case, the State presented evidence that the defendant was a third felony offender with convictions for possession of cocaine in 1993 and 1997. The defendant offered nothing to show that his sentence is excessive in his particular case.
Given the defendant's criminal history, it does not appear that the life sentence he received as a third felony offender is excessive. The sentence is not grossly out of proportion to the seriousness of the offense.
Defendant's conviction and sentence is affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The name "Eric Wolfe" is an alias used by the defendant. His real name is Steven Burbanks. However, for purposes of this opinion, the defendant will be referred to by his alias.
[2] The defendant's pro se brief is signed "Steven Burbanks".