884 So.2d 658 (2004)
STATE of Louisiana
v.
Ronnie L. FRANCOIS and Ricky M. Kemp.
No. 2002-KA-2056.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 2004.
*660 Eddie J. Jordan, Jr., District Attorney of Orleans Parish, Claire A. White, Assistant District Attorney of Orleans Parish, New Orleans, LA, for Plaintiff/Appellee.
Karen G. Arena, Louisiana Appellate Project, Metairie, Louisiana, for Defendant/Appellant (Ronnie L. Francois).
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant (Ricky M. Kemp).
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DAVID S. GORBATY, and Judge ROLAND BELSOME).
PATRICIA RIVET MURRAY, Judge.
This case is before us on remand from the Louisiana Supreme Court. In our earlier decision in this matter, we reversed the convictions of defendants, Ronnie L. Francois and Ricky M. Kemp, finding the evidence insufficient. State v. Francois, 2002-2056 (La.App. 4 Cir. 4/9/03), 844 So.2d 2056. The Louisiana Supreme Court reversed our decision, reinstated the convictions, and remanded for us to consider the pro se assignments of error asserted by Mr. Francois, which we did not consider in our earlier decision. State v. Francois, XXXX-XXXX (La.4/14/04), 874 So.2d 125. For the reasons that follow, we vacate Mr. Francois' adjudication and sentencing as a fourth felony habitual offender and remand for his resentencing as a third felony habitual offender.[1]
At the outset, we find the record reflects a patent error in the trial court's adjudication of Mr. Francois as a fourth felony habitual offender. The record reflects that the multiple bill included as one of Mr. Francois' alleged prior felony convictions a crime committed by his co-defendant, Mr. Kemp. Particularly, the multiple bill includes a February 4, 1991, conviction in case # 344-981 "C". In that case, the co-defendant, Mr. Kemp, pled guilty to possession of cocaine. The State's inclusion of that 1991 offense in Mr. Francois' multiple bill was an obvious oversight.
At the multiple bill hearing, the State introduced evidence regarding another 1991 offense that apparently did involve Mr. Francois. Specifically, it introduced documentation for a 1991 conviction for theft of goods valued at over $100 and less than $500 in case # 347-752 "E". That 1991 offense was not listed in the multiple bill and thus cannot be considered. Although a habitual offender bill does not charge a new crime but rather only is a method of increasing the punishment of a multiple offender, "[i]t is essential that the prior conviction(s) be formally charged in *661 order to sentence a defendant as a multiple offender." State v. Donahue, 572 So.2d 255, 261 (La.App. 1 Cir.1990)(citing State v. Hingle, 242 La. 844, 139 So.2d 205, 206 (1961)). Accordingly, we find it was patently erroneous for the trial court to sentence Mr. Francois as a fourth felony habitual offender based upon either a prior felony conviction involving his co-defendant or a prior felony conviction as to which he was not specifically informed in the instant habitual offender bill of information.
Turning to Mr. Francois' pro se assignments of error, he alleges the following five errors:
1. The evidence adduced in the multiple bill hearing is insufficient to prove beyond a reasonable doubt that the appellant is a fourth felony offender, since there was no evidence adduced to identify the appellant as the person "convicted" in any of the prior felony cases alleged in the multiple bill.
2. The trial court erred in finding the appellant to be a fourth felony offender on the basis of three prior felony convictions for which the State failed to introduce any evidence of the discharge date for the sentences imposed in the alleged prior cases, and where the discharge dates are pertinent to a finding of appellant as a multiple offender under R.S. 15:529.1.
3. The trial court erred in finding the appellant to be a fourth felony offender on the basis of three alleged prior felony convictions, two of which are alleged to have resulted from guilty pleas, and where the prosecutor failed to offer any contemporaneous record taken during those guilty pleas and which evidences a valid waiver of the appellant's Boykin rights.
4. The appellant was denied his constitutional right to effective assistance of counsel where his attorney allowed officer Jay Jacquet to testify that fingerprints the officer obtained from the appellant in open court matched fingerprints he observed on arrest registers he brought with him to court for the multiple bill hearing, and where officer Jacquet was not properly qualified by the court as an expert in fingerprint analysis.
5. The trial court abused his discretion in qualifying officer Jay Jacquet as an expert in fingerprint analysis without hearing any testimony regarding the witnesses' education, training and experience in the field. Thus, all expert testimony regarding the comparison of fingerprints must be excluded.
As to the first assignment, Mr. Francois argues that the evidence was insufficient to convict him under the multiple bill. He argues that there was no evidence adduced to identify him as the person convicted in any of the prior felony cases alleged in the multiple bill. The State has the burden of proving the prior felony offenses and that the defendant was the same person convicted of those offenses. State v. Neville, 96-0137, p. 7 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 538-39. Various methods are available to prove that the defendant is the same person convicted of the prior felony offense, including testimony from witnesses, expert opinion regarding the fingerprints of the defendant when compared with those in the prior record, or photographs in the duly authenticated record. State v. Henry, 96-1280 (La.App. 4 Cir. 3/11/98), 709 So.2d *662 322.[2]
Mr. Francois' multiple bill alleged that he was found guilty on March 9, 1992, of theft of goods valued at more than $100 and less than $500 in case #352-559 "I"; that he pled guilty to possession of cocaine on February 4, 1991, in case # 344-981 "C"; and that he pled guilty on November 25, 1985, to theft of goods valued at more than $100 and less than $500 in case #308-847 "E". At the hearing, the State offered the testimony of Officer Jay Jacquet, who the parties stipulated to be an expert in fingerprint identification. Officer Jacquet testified that he had been qualified as an expert in fingerprint analysis and identification in every section of Civil District Court and one section of Criminal District Court. Officer Jacquet testified that he took Mr. Francois' finger-prints on the morning of the hearing.
The State introduced the certified packet of the 1992 conviction that contained a bill of information, the docket master, the minute entry, and the arrest register. The fingerprints matched those on the arrest register.[3] The State then introduced the certified packet of the 1985 conviction that contained the bill of information, the guilty plea form, the minute entry, and the arrest register. Again, the fingerprints matched.
Mr. Francois argues that the bills of information should have had his fingerprints on them in order to prove he was the same defendant convicted of the earlier crimes and that the fingerprints on the arrest register do not meet the La. R.S. 15:529.1 criteria. This court, however, held in State v. Wolfe, 99-0389 (La.App. 4 Cir. 4/19/00), 761 So.2d 596, that testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records was sufficient to prove that the defendant was the person convicted of the prior offenses. Thus, in this case, the State proved Mr. Francois' identity as the person who committed the earlier offenses.
Mr. Francois next argues that the State failed to meet its burden of proving that the ten-year period under La. R.S. 15:529.1(C) had not lapsed because it failed to prove his discharge dates. La. R.S. 15:529.1(C) provides:
This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods.
In State v. Martello, 98-2066 (La. App. 4 Cir. 11/17/99), 748 So.2d 1192, we noted that "[t]he expiration of the previous sentence is determined by the date of the actual discharge from supervision by the Department of Corrections." Martello, 98-2066 at p. 14, 748 So.2d at 1201-02 (citing State v. Lorio, 94-2591, p. 4 (La. App. 4 Cir. 9/28/95), 662 So.2d 128, 130). The State generally has the burden of proving that the ten-year period under La. *663 R.S. 15:529.1 has not elapsed. To do so, the State generally must prove the defendant's discharge dates. However, when less than ten years have elapsed between convictions, it is not necessary for the State to prove discharge dates. State v. Tucker, 95-0030, p. 11 (La.App. 4 Cir. 9/18/96), 682 So.2d 261, 266. Such is the case here.
As discussed above, neither 1991 conviction may be used in this multiple bill adjudication. As such, the 1985 conviction must link up with the 1992 conviction, and the 1992 conviction must link up with the 2002 conviction. Ten years did not lapse between 1985 and 1992. The 1992 conviction was obtained March 9, 1992; this crime was committed August 17, 2000. Again, ten years did not lapse. This assignment of error is thus unpersuasive.
Mr. Francois next argues that the two prior guilty pleas do not establish that he pled intelligently and voluntarily. Again, the 1991 guilty plea cannot be considered; hence, the only issue is whether the 1985 guilty plea was properly considered. In State v. Shelton, 621 So.2d 769 (La.1993), the Louisiana Supreme Court reviewed the jurisprudence regarding the burden of proof in habitual offender proceedings; the Court held it is proper to assign a burden of proof to a defendant who contests the validity of his guilty plea. The procedure for determining the burden of proof in a multiple offender hearing has been summarized as follows:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary.
State v. Winfrey, 97-427, p. 30 (La.App. 5 Cir 10/28/97), 703 So.2d 63, 80 (quoting State v. Conrad, 94-232 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064).
Applying those principles to the instant case, the guilty plea/waiver of rights form in the 1985 case, # 308-847 "E", is signed by Mr. Francois and his attorney; their signatures appear after a list of the Boykin rights. The minute entry also establishes that the trial court advised Mr. Francois of his constitutional rights and that his attorney was present. The State met its burden of showing that Mr. Francois was advised of his rights. Mr. Francois put forth no evidence to show a procedural irregularity. This assignment is thus without merit.
Mr. Francois' next assignment of error is ineffective assistance of counsel. The applicable principles for reviewing ineffective assistance of counsel claims have been summarized by this court as follows:
Generally, the issue of ineffective assistance of counsel is a matter more properly raised in an application for post-conviction relief to be filed in the trial court where an evidentiary hearing can *664 be held. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Sparrow, 612 So.2d 191 (La.App. 4 Cir.1992). Only when the record contains the necessary evidence to evaluate the merits of the claim can it be addressed on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Kelly, 92-2446 (La. App.4Cir.7/8/94), 639 So.2d 888, writ denied 94-2087 (La.1/6/95), 648 So.2d 921....
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel's performance was deficient and that deficient performance prejudiced him. With regard to counsel's performance, the defendant must show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. As to prejudice, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, i.e. a trial whose result is reliable. Id., 466 U.S. at 687, 104 S.Ct. 2064. Both showings must be made before it can be found that the defendant's conviction resulted from a breakdown in the adversarial process that rendered the trial result unreliable. Id. A claim of ineffective assistance may be disposed of on the finding that either of the Strickland criteria has not been met. State v. James, 555 So.2d 519 (La.App. 4th Cir. 1989), writ denied 559 So.2d 1374 (La. 1990). If the claim fails to establish either prong, the reviewing court need not address the other. State ex rel. Murray v. Maggio, 736 F.2d 279 (5th Cir.1984).
State v. Brauner, 99-1954, p. 16 (La.App. 4 Cir. 2/21/01), 782 So.2d 52, 63.
Mr. Francois argues his counsel was ineffective for three reasons.[4] First, he argues that counsel failed to object that the multiple bill alleged as the second of the three prior convictions the February 4, 1991 conviction for cocaine in case #344-981 "C", yet the State produced to no evidence to support that prior conviction. Second, he argues counsel was ineffective for failing to object to the prior guilty pleas being used in the multiple bill. Finally, he argues that counsel was ineffective for failing to object to the qualification of the fingerprint expert. We address these in reverse order. As to the use of the prior guilty pleas, that issue was addressed and rejected above.
As to the qualification of Officer Jacquet as a fingerprint expert, the parties entered a stipulation qualifying him as an expert. To the extent counsel did not object, competence of an expert is a question of fact to be determined within the sound discretion of the trial judge. State v. Sherer, 411 So.2d 1050 (La.982). Here, there was no abuse of discretion. Officer Jacquet had been qualified in every section of Civil District Court and in one section of Criminal District Court.
As to the State's failure to produce evidence of the alleged 1991 offense, that issue was discussed at the outset. We found it patent error for the trial court to have considered either 1991 offense. As to Mr. Francois' claim that his counsel was ineffective in failing to object to the State's inclusion of his co-defendant's prior conviction in the multiple bill, we find it appropriate to reserve that issue to post-conviction relief.
*665 Mr. Francois' fifth and final assignment of error is that the trial court abused its discretion in qualifying Office Jacquet as a fingerprint expert. That issue was addressed and rejected above.

DECREE
For the foregoing reasons, we reverse the multiple bill adjudication of Mr. Francois as a fourth felony offender, find Mr. Francois to be a third felony offender, and remand to the trial court for resentencing.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] The conviction and sentencing of Mr. Kemp are not before us.
[2] See also La. R.S. 15:529.1(D)(1)(b), which states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof.
[3] The State also introduced the certified packet of a 1991 conviction that contained the bill of information, the docket master, the arrest register, and the minute entry. As noted, that 1991 conviction was not included in the multiple bill and thus cannot be considered.
[4] Although in his assignment of errors, Mr. Francois only refers to the qualification of Officer Jacquet as a basis for his ineffective assistance of counsel claim, he argues in his brief several other grounds on which he claims his counsel was ineffective. For completeness sake, we have addressed all his arguments.