913 So.2d 150 (2005)
STATE of Louisiana
v.
Robert L. COSEY.
State of Louisiana
v.
Robert L. Cosey.
Nos. 2004-KA-2220, 2004-K-1884.
Court of Appeal of Louisiana, Fourth Circuit.
July 13, 2005.
*151 Eddie J. Jordan, Jr., District Attorney of Orleans Parish, Yolanda J. King, Assistant District Attorney of Orleans Parish, Fungai Muzorewa-Bennett, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, for Plaintiff/Appellee.
William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, Louisiana, and Clarke D. Beljean, Orleans Indigent Defender Program, New Orleans, Louisiana, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY).
JAMES F. McKAY III, Judge.

STATEMENT OF THE CASE
The defendant Robert L. Cosey, a/k/a James L. Knighton, was charged by bill of information on March 23, 2001, with simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. The defendant pleaded not guilty at his March 30, 2001 arraignment. On June 18, 2001, the trial court denied the defendant's motion to suppress the evidence. On that same day the defendant waived his right to trial by jury and was found guilty as charged in a bench trial. The defendant waived all legal delays and was sentenced to twelve years at hard labor. Also on that day the State filed a habitual offender bill of information pursuant to La. R.S. 15:529.1, charging the defendant as a fourth felony habitual offender with the predicate offenses in 1979, 1982, and 1990. Those predicate offenses were under the name James Knighton (misspelled as James Knighnton). An inordinate number of multiple bill hearings were set, which were seemingly due to repeated continuances by the State, for almost three years. On March 30, 2004, this Court granted defendant's writ and ordered the trial court to grant the defendant an appeal.[1] On April 26, 2004, a habitual offender hearing was conducted, and the matter was held open. On July 21, 2004, the trial court concluded the habitual offender hearing, finding defendant not guilty of being a habitual offender. On that date the trial court granted the defendant an appeal, and set a return date for the State's writ application. On August 4, 2004, this court denied defendant's writ application, noting that he had been granted an appeal.[2]
The State's writ application, 2004-K-1884, was ordered consolidated with defendant's appeal on November 17, 2004.

FACTS
Michele Burke testified at the defendant's trial that she resided at 1140 Carondelet *152 Street. She said the building was commercial downstairs and residential upstairs, and that it was her primary residence. Her upstairs residence, which contained her clothes, bedding, etc., was being sheet rocked, so Ms. Burke was staying downstairs on the night of March 7, 2001. She was downstairs on that night when she heard the upstairs door "slam open." She noticed a car outside. Ms. Burke could not call the police because the telephone was upstairs in her residence. She armed herself with a gun and quietly walked upstairs accompanied by a dog. When she got to the top of the stairs she saw the defendant, who was carrying two power tools, a cordless circular saw and a drill. She identified a photograph of the damaged doorframe of her residence. Burke had never seen the defendant before that day, and he did not have permission to be in her residence. The defendant told Ms. Burke he was working there, but she knew all the people who had been working there and he was not one of them.

ERRORS PATENT AND DEFENDANT ASSIGNMENT OF ERROR
A review of the record reveals no errors patent.

STATE WRIT ASSIGNMENT OF ERROR
The State contends that the trial court erred in failing to adjudicate the defendant a habitual offender  the defendant was charged as fourth-felony habitual offender.
At the April 26, 2004 habitual offender hearing the State introduced evidence of three prior arrests and convictions of James L. Knighton. New Orleans Police Officer Jay Jacquet, a latent fingerprint examiner, testified at the hearing that he had taken the defendant's thumbprints that day in court. Officer Jacquet also identified a full set of fingerprints he took from the defendant in court on April 1, 2004. He testified that he found twenty points of identification for each thumbprint, and that based on that comparison the defendant was the same person from whom he had taken the full set of prints in court on April 1, 2004. The State presented Officer Jacquet with three arrest registers from three arrests, in 1979, 1982 and 1990, for James L. Knighton (or misspelled as Knighnton). The backs of the arrest registers each contained a set of fingerprints. Officer Jacquet testified that he compared the thumbprints he had taken from the defendant in court that day with the thumbprints on the backs of each arrest register. He said the thumbprints matched, and thus that the defendant Robert L. Cosey was the same person arrested for each of the three offenses. Officer Jacquet said that he then matched the information on two of the arrest registers to other documents from those two convictions, and matched the fingerprints on the third arrest register to fingerprints on a bill of information for the third conviction, and concluded that the defendant was one and the same person on all of the documents reflecting the three prior convictions.[3] Officer Jacquet testified during cross-examination that he spoke to the defendant on April 1, 2004, concerning the names Robert Cosey and James L. Knighton, and that the defendant essentially admitted that James L. Knighton was his "also/known/as" name.
At the conclusion of the hearing the trial court continued the matter. At the second part of the hearing, on July 21, 2004, the trial court stated that the problem was that there were no fingerprints on any of the bills of information, and therefore ruled that the State had failed to prove the defendant was a habitual offender.
*153 To obtain a habitual offender conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. State v. Payton, 2000-2899, p. 6 (La.3/15/02), 810 So.2d 1127, 1130, citing State v. Neville, 96-0137 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 538-39. The court in Payton said that in attempting to establish identity, the State may present:
(1) testimony from witnesses; (2) expert opinion regarding the fingerprints of the defendant when compared with those in the prior record; (3) photographs in the duly authenticated record; or (4) evidence of identical drivers license number, sex, race and date of birth. (Emphasis added).
Payton, 2000-2899, p. 6, 810 So.2d at 1130-31.
The court in Payton cited the twenty-five year old case of State v. Westbrook, 392 So.2d 1043 (La.1980), where it had held in a second offense driving while intoxicated case that a driver's license number, sex, race, and birth date all identified the prior offender as the defendant, and thus that the State proved the defendant's identity as the same person previously convicted. Thus, not only are fingerprints on the bill of information not necessary to establish that a defendant charged as a habitual offender is the same person previously convicted, fingerprints are not absolutely required to prove identity. In Payton, however, as in the instant case, the New Orleans Police Department fingerprint expert matched the defendant's fingerprints to fingerprints on the backs of two arrest registers for the two previous convictions. The Louisiana Supreme Court held that this was sufficient proof of identity. This result is in accordance with previous decisions by this Court finding that the matching of a defendant's fingerprints to fingerprints on an arrest register, and the linking of that arrest register to other documents evidencing a conviction is sufficient to establish that the defendant is the same person previously convicted. See State v. Francois, 2002-2056 (La.App. 4 Cir. 9/14/04), 884 So.2d 658; State v. Wolfe, 99-0389 (La.App. 4 Cir. 4/19/00), 761 So.2d 596; State v. Hawthorne, 580 So.2d 1131 (La.App. 4 Cir.1991); State v. Armstead, 542 So.2d 28 (La.App. 4 Cir.1989). Further, a trial court has no discretion to find a defendant not guilty of being a habitual offender where the state produces adequate evidence to prove its accusation. State v. Dean, 588 So.2d 708, 709 (La.App. 4 Cir.1991).
In the instant case, as to the first conviction, Officer Jacquet testified that he matched the defendant's thumbprints to the thumbprints on an arrest register reflecting the February 3, 1979 arrest of James L. Knighton, DOB 1/9/54, for the burglary of E.B. Benjamin School. The record contains a copy of District Attorney's screening action form in Case # 268-725, accepting a charge against James L. Knighton, DOB 1/9/54, for the simple burglary of E.B. Benjamin School on February 3, 1979; a bill of information in Case # 268-725 charging James L. Knighton with the February 3, 1979 simple burglary of E.B. Benjamin School; and a docket master in Case # 268-725, reflecting that James L. Knighton pleaded guilty as charged on March 30, 1979 to simple burglary and was sentenced to twelve years at hard labor, suspended, with five years active probation.
Officer Jacquet also matched the defendant's thumbprints to those on the back of an arrest register reflecting the July 20, 1982 arrest of James L. "Knighnton" [sic], DOB 1/9/54, for simple burglary of a vehicle, with the complainant listed as the United States Government. The record *154 also contains a copy of a July 23, 1982 bill of information in Case # 290-605, charging James L. "Knighnton" [sic] with the simple burglary of a Dodge Van belonging to the United States Government; a plea of guilty form in Case # 290-605 reciting that James L. Knighton pleaded guilty to simple burglary on September 20, 1982; a minute entry in Case # 290-605, dated September 20, 1982, reflecting that the defendant was Boykinized, pleaded guilty as charged, and was sentenced to four years at hard labor; and a minute entry in Case # 290-605, dated October 6, 1982, reflecting that the defendant was adjudicated a habitual offender and sentenced to six years at hard labor, to run concurrently with his previous sentence from the 1979 case, Case # 268-725.
Officer Jacquet also matched the defendant's thumbprints to those on the back of an arrest register reflecting the August 25, 1990 arrest of James L. Knighnton [sic], DOB 1/9/54, for auto burglary, possession of stolen property and resisting arrest, with the complainant's name listed as John Ragan. The record also contains a bill of information in Case # 341-378 charging James L. Knighton with the simple burglary of a motor vehicle belonging to John Ragan on August 25, 1990. A docket master in Case # 345-378 reflects that James L. Knighnton [sic], DOB 1/9/54, pleaded guilty as charged on March 14, 1991. That same docket master further reflects that on March 21, 1991 "Defendant Knighton" pleaded guilty to a habitual offender bill of information charging him as a third-felony offender, and was sentenced to eight years at hard labor. A March 14, 1991 minute entry in Case # 345-378, entitled "State of Louisiana versus James Knighton," reflects the guilty plea, made after the court fully Boykinized the defendant.
The defendant in the instant case focuses on the difference between the names used by the person arrested, charged and convicted in the three prior cases, James L. Knighton (or misspelled as Knighnton), and the name in the instant case, Robert L. Cosey. The defendant argues that this factor distinguishes the instant case from the fingerprint cases where fingerprints on an arrest register have been held sufficient to establish the defendant's identity as the person previously convicted. However, the fingerprints conclusively establish that the Robert L. Cosey convicted in the instant case is the same person convicted for the three previous felonies listed in the habitual offender bill of information.
The trial court ruled that the State failed to prove that the defendant was a habitual offender for the sole reason that there were no fingerprints on the bills of information. This was error. The defendant's sole argument as to the habitual offender issue concerns the identity issue.
There is merit to the State's argument.
For the foregoing reasons, we affirm the defendant's conviction. Furthermore, the judgment of the trial court finding that the State failed to prove the defendant was a fourth-felony habitual offender is reversed, so that the defendant is adjudicated a fourth-felony habitual offender. Therefore, the defendant's sentence is vacated, and the case is remanded to the trial court for the defendant to be sentenced as a fourth-felony habitual offender.
As a caveat to this reversal of the trial court this Court would note that the inordinate number of State continuances in the multiple bill adjudication[4] is a considerable *155 issue to be addressed by the trial court in this matter as we cannot determine the exact number of continuances that are attributable to the State, the defense or the court. We could only examine the minute entries, which give no reasons for the continuances. Furthermore, in this appeal, as the defendant is the appellee, defense counsel only alludes to the significance of this problem[5] as it may impact the defendant's constitutional rights of fundamental fairness due process clause of the Fourteenth Amendment. While the State clearly filed the habitual offender indictment timely,[6] the same day the defendant was convicted, the period of time in which the matter was brought to adjudication was almost three years. Although we recognize given the length of the sentence, twelve years, that the defendant had no expectation of early release, and was therefore not necessarily prejudice by the delayed period for the adjudication hearing[7], it is clearly unreasonable for the State to extend the hearing to this length. This gives this Court pause. We direct the trial court to be cognizant of this issue on remand. See State v. Toney, XXXX-XXXX (La.4/9/03), 842 So.2d 1083, 1087.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] State v. Cosey, unpub., XXXX-XXXX (La.App. 4 Cir. 3/30/04).
[2] State v. Cosey, unpub., XXXX-XXXX (La.App. 4 Cir. 8/4/04).
[3] The bill of information was actually a multiple bill, not the original bill of information.
[4] Based on the minute entries the number of continuances attributable may be in excess twenty.
[5] Defense counsel indicates that the number may exceed forty.
[6] State v. Muhammad 2003-2991 (La.5/25/04), 875 So.2d 45.
[7] State v. Howard, 2002-2435 (La.App. 4 Cir.3/19/03), 843 So.2d 439, 444.