TERRI F. LOVE, Judge.
1 defendant-appellant Johnny Robertson was charged with one count of violating *616 La. R.S. 14:62.5 relative to looting.[1] The defendant entered a not guilty plea and appeared for trial. After waiving his right to a jury trial, he proceeded to trial before the court. The trial court returned a responsive verdict of guilty of unauthorized entry of a business, a violation of La. R.S. 14:62.4. The court sentenced the defendant to two years at hard labor. The State subsequently filed a multiple bill charging the defendant as a second offender. A hearing on the multiple bill was held and at the conclusion of the hearing, the court found that the defendant was a second offender. The court vacated the defendant’s original sentence and resentenced him to serve three years at hard labor. The defendant filed a motion to reconsider sentence, which the court denied. The defendant also filed a motion for an appeal, which the court granted. This appeal followed.
FACTS
Recitation of the facts is not necessary in resolving the sole issue presented for review. Therefore, we pretermit a discussion of the facts.
^ERRORS PATENT
A review of the record for errors patent reveals that there are none.
ADJUDICATION AS SECOND OFFENDER
In his sole assignment of error the appellant avers that the trial court should not have adjudicated him a second offender under La. R.S. 15:529.1. He argues specifically that the document, an arrest register introduced as State’s exhibit S-2, used to prove his identity as the person previously convicted in case number 408-191 was not properly certified as required by La. R.S. 15:529.1(F).
At the hearing, Officer Jay Jacquet (“Officer Jacquet”), an expert in the comparison and analysis of fingerprints, testified that he took the defendant’s fingerprints in court that day and he identified the fingerprint card as State’s exhibit S-l. Officer Jacquet next identified State’s exhibit S-2, which he testified was a certified copy of an arrest register that he brought to court with him. Officer Jacquet further testified that he was one of the custodians of the certified arrest register. He then testified that there was a set of fingerprints on the back of S-2, which he compared to those that he obtained from the defendant in court. Officer Jacquet opined that the fingerprints on S-2 matched those of the defendant. Finally, Officer Jacquet was presented with State’s exhibit S-3, an in globo packet of certified documents from case number 408-191; one of the documents contained in S-3 was a copy of the arrest register which Officer Jacquet brought to court. A comparison of the two arrest registers showed that the names, dates of the arrest, item numbers, and charges listed on the documents were the same. The trial court concluded that the State adequately proved the defendant’s identity as the person previously convicted.
| ¡¡The defendant argues that only evidence certified in accordance with La. R.S. 15:529.1(F) is acceptable to prove a prior offense, citing State v. Lambert, 475 So.2d 791 (La.App. 3rd Cir.1985). La. R.S. Í5:529.1(F) provides as follows:
The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United *617 States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.
In Lambert the court stated:
A non-penitentiary agency is not authorized to offer proof of prior offenses. State v. Nicholas, 359 So.2d 965 (La.1978). Only documents properly certified under La. R.S. 15:529.1(F.) by the officer with legal custody of the documents can be admitted into evidence as proof of prior offenses. State v. Lozier, 375 So.2d 1333 (La.1979).
Id. at 796. However, the court rejected the defendant’s claim for relief because the documents introduced were from the penitentiary records and had been certified by the secretary of the Department of Corrections. Thus, the court was not actually presented with the question of whether other evidence might be acceptable to prove a prior offense, and its categorical statement that only documents certified under La. R.S. 15:529.1(F) can be used is dicta. Moreover, neither of the cases relied upon by the court in Lambert forecloses the use of other evidence to prove a defendant’s status as a habitual offender. In Nicholas, for example, the court noted that, “[w]hile La. R.S. 15:529.1(F) facilitates proof of necessary facts permitting ^enhancement of the punishment in a multiple-offender hearing, such facts may also be proved by other competent evidence. State v. Curtis, 338 So.2d 662 (La.1976).” Nicholas, 359 So.2d at 968. In Lozier, the documents introduced were a properly certified “pen pack.”
The long line of jurisprudence which permits evidence other than that contemplated by La. R.S. 15:529.1(F) to be used to prove identity in a multiple offender proceeding was reviewed by this Court in State v. Cosey, 04-2220, pp. 4-5 (La.App. 4 Cir. 7/13/05), 913 So.2d 150,153:
To obtain a habitual offender conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. State v. Payton, 2000-2899, p. 6 (La.3/15/02), 810 So.2d 1127, 1130, citing State v. Neville, 96-0137 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 538-39. The court in Payton said that in attempting to establish identity, the State may present:
(1) testimony from witnesses; (2) expert opinion regarding the fingerprints of the defendant when compared with those in the prior record; (3) photographs in the duly authenticated record; or (4) evidence of identical drivers license number, sex, race and date of birth. (Emphasis added)
Payton, 2000-2899, p. 6, 810 So.2d at 1130-31.
The court in Payton cited the twenty-five year old case of State v. Westbrook, 392 So.2d 1043 (La.1980), where it had held in a second offense driving while intoxicated case that a driver’s license number, sex, race, and birth date all identified the prior offender as the defendant, and thus that the State proved the defendant’s identity as the same person previously convicted. Thus, not only are fingerprints on the bill of information not necessary to establish that a *618 defendant charged as a habitual offender is the same person previously convicted, fingerprints are not absolutely required to prove identity. In Payton, however, as in the instant case, the New Orleans Police Department fingerprint expert matched the defendant’s fingerprints to fingerprints on the backs of two arrest registers for the two previous convictions. The Louisiana Supreme Court held that this was sufficient proof of identity. This result is in accordance with previous decisions by this Court finding that the matching of a defendant’s fingerprints to fingerprints on an arrest register, and the linking of that arrest register to other documents evidencing a conviction is sufficient to establish that the defendant is the same person previously Rconvicted. See State v. Francois, 2002-2056 (La.App. 4 Cir. 9/14/04), 884 So.2d 658; State v. Wolfe, 99-0389 (La.App. 4 Cir. 4/19/00), 761 So.2d 596; State v. Hawthorne, 580 So.2d 1131 (La.App. 4 Cir.1991); State v. Armstead, 542 So.2d 28 (La.App. 4 Cir.1989). Further, a trial court has no discretion to find a defendant not guilty of being a habitual offender where the state produces adequate evidence to prove its accusation. State v. Dean, 588 So.2d 708, 709 (La.App. 4 Cir.1991).
Additionally, the Supreme Court in State v. Payton, 2000-2899, p. 8 (La.3/15/02), 810 So.2d 1127, 1132, citing State v. Lindsey, 1999-3302, p. 7 (La.10/17/00), 770 So.2d 339, 344 reiterated:
This Court has repeatedly held that the Habitual Offender Act does not require the State to use a specific type of evidence to carry its burden at an habitual offender hearing and that prior convictions may be proved by any competent evidence.”
As such, the trial court did not err in adjudicating the defendant as a second offender under La. R.S. 15:529.1.
DECREE
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Also charged in the bill were Nicole Robertson and Chantel Bacchus; they later entered pleas of nolo contendere under La.C.Cr.P. art. 893 and are not parties to this appeal.