STATE of Louisiana

v.

**Ryan HICKMAN**

State of Louisiana

v.

**Ryan Hickman**

NO. 2016–KA–0579
CONSOLIDATED WITH:
NO. 2016–K–0367

Court of Appeal of Louisiana,
Fourth Circuit.

DECEMBER 21, 2016

Leon A. Cannizzaro, Jr., DISTRICT ATTORNEY, Donna Andrieu, ASSISTANT DISTRICT ATTORNEY, Scott G. Vincent, ASSISTANT DISTRICT ATTORNEY, Parish of Orleans, 619 South White Street, New Orleans, LA 70119, COUNSEL FOR APPELLEE/STATE OF LOUISIANA

Mary Constance Hanes, LOUISIANA APPELLATE PROJECT, P. O. Box 4015, New Orleans, LA 70178–4015, COUNSEL FOR DEFENDANT/APPELLANT

(Court composed of Judge Paul A. Bonin, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

Judge Daniel L. Dysart

The defendant-appellant, Ryan Hickman, appeals his convictions and sentences for possession of marijuana, second offense, and flight from an officer. He appeals on the grounds that he received ineffective assistance of counsel during the sentencing phase of the proceedings, and that that his five-year sentence for possession of marijuana, second offense, as a second felony offender, is excessive.[1] Mr.

---

1. In his ineffective assistance of counsel claims, Mr. Hickman argues that his counsel failed to: (1) make an objection (to the sentence); (2) file a motion for reconsideration of

Hickman's appeal was consolidated with writ application number 2016–K–0367, in which the State of Louisiana challenges the trial court's failure to adjudicate Mr. Hickman as a quadruple offender.

As discussed more fully herein, we find that the trial court improperly sentenced Mr. Hickman as a second felony offender, as urged by the State in its writ application. Accordingly, we vacate Mr. Hickman's sentence and remand this matter to the trial court for further proceedings. Because we are vacating Mr. Hickman's sentence, we pretermit a discussion of the issues raised in his appeal.

## PROCEDURAL HISTORY

By bill of information dated October 27, 2014, Mr. Hickman was charged with possession of alprazolam, possession of marijuana and aggravated flight from an officer where human life was endangered. At his December 12, 2014 arraignment, Mr. Hickman pleaded not guilty. A preliminary hearing was held on June 12, 2015, at which time the trial court found probable cause.

The bill of information was then amended on October 2, 2015, to include the same charges, with the exception of the possession of marijuana charge, which was amended to possession of marijuana, third or subsequent offense under La. R.S. 40:966 E(3).[2] On October 15, 2015, Mr. Hickman again pleaded not guilty to those charges and elected a trial by jury.

A jury trial took place on November 16 and 18, 2015 after which the jury found Mr. Hickman guilty of possession of marijuana, second offense, and flight from an officer. Mr. Hickman's motions for new trial and to sentence second marijuana possession as a misdemeanor were denied. On March 4, 2016, the trial court sentenced Mr. Hickman to five years at hard labor on the possession of marijuana charge (count 2), and as to count 3 (flight from an officer), six months in Orleans Parish Prison. Mr. Hickman was given credit for time served on both sentences, which were to be served concurrently with any and all other sentences.

Prior to Mr. Hickman's sentencing, on January 19, 2016, the State filed a multiple bill of information against Mr. Hickman, charging him as a quadruple offender. A multiple bill hearing was held on March 15, 2016, at which time the trial court found Mr. Hickman guilty as a second multiple offender. After vacating the previous sentences imposed, the trial court re-sentenced Mr. Hickman as a second felony offender to five years at hard labor, with credit for time served, which sentence was to be served concurrently with any and all other sentences. The State objected to the trial court's finding Mr. Hickman guilty as a second offender and the trial court provided the State with thirty days within which to file a writ application with this Court.

---

sentence; and (3) file a motion for downward departure, all of which resulted in his waiver of the right to appeal the excessiveness of his sentence.

**2.** At the time of the offense, La. R.S. 40:966 E(3) provided that, "on a third or subsequent conviction for violation of Subsection C of this Section with regard to marijuana,...the offender shall be sentenced to imprisonment with or without hard labor for not more than twenty years, and may, in addition, be sentenced to pay a fine of not more than five

thousand dollars." That statute was amended in 2015 to reduce the penalty "to imprisonment with or without hard labor for not more than two years, shall be fined not more than two thousand five hundred dollars, or both." La. R.S. 40:966 E(1)(c)(i). A fourth or subsequent conviction now carries a penalty of "imprisonment with or without hard labor for not more than eight years, [and a fine of] not more than five thousand dollars, or both." La. R.S. 40:966 E(1)(d)(1).

The State timely filed an application for a supervisory writ as to the trial court's multiple bill ruling and Mr. Hickman timely appealed his conviction and that appeal, as noted, was consolidated with the State's writ application.

## DISCUSSION [3]

As previously noted, in this case, Mr. Hickman was convicted on two counts: one, flight from an officer and two, possession of marijuana, second offense. The State then filed a multiple bill of information on January 19, 2016, alleging that Mr. Hickman was a fourth felony offender, predicating the multiple offender bill on three prior convictions: (1) aggravated assault of a peace officer and attempted possession of a firearm by a felon, to which Mr. Hickman pled guilty; (2) attempted possession of a firearm by a felon, to which Mr. Hickman pled guilty; and (3) a second attempted possession of a firearm charge to which Mr. Hickman pled guilty.[4]

At the multiple bill hearing held on March 15, 2016, the State called Officer George Jackson, a fingerprint examiner employed by New Orleans Police Department for nineteen years, as a witness.[5] After confirming that he had taken fingerprints from Mr. Hickman that date, Officer Jackson identified a certified conviction packet for case number 432–876 which included the following documents: a bill of information, charging Mr. Hickman with being a felon in possession of a firearm and a waiver of constitutional rights—plea of guilty form signed by Mr. Hickman on October 29, 2007. The plea of guilty form contains Mr. Hickman's initials acknowledging that Mr. Hickman understood that he was waiving his right by pleading guilty and is signed by Mr. Hickman and the presiding judge, Judge Calvin Johnson.

Officer Jackson testified that he compared the fingerprints taken from Mr. Hickman on March 15, 2016 with those in this certified conviction packet. He concluded that fingerprints matched and that the fingerprints belonged to Mr. Hickman.

Officer Jackson then identified a certified conviction packet for case number 457–314, which contained a bill of information, charging Mr. Hickman with aggravated assault of a peace officer and possession of a firearm by a convicted felon and a waiver of constitutional rights—plea of guilty form. The form is signed by Mr. Hickman, his attorney and Judge Johnson. While the form does not contain a date, the Docket Master contained in the packet reflects that Mr. Hickman pled guilty to the charges in this case on October 29, 2007 and the fingerprints bear the same

---

**3.** As is our practice, we reviewed the record for errors patent and detected one such error. In sentencing Mr. Hickman as a second felony offender, the trial court did not indicate that the sentence would be served without the benefit of probation or suspension of sentence, as required by the Habitual Offender Law, La. R.S. 15:529.1 G; however, as we are vacating Mr. Hickman's sentence altogether, we need not address this issue (although we note that this error is self-correcting and would have needed no action from this Court in any event. *See State v. Celestain*, 13–1262, p. 13 (La.App. 4 Cir. 7/30/14), 146 So.3d 874, 882).

**4.** Mr. Hickman pled guilty to these charges on October 29, 2007. The charges arose from case numbers 457–314, 432–867 and 457–854, respectively. Case number 457–314 charged Mr. Hickman for an August 21, 2004 incident; case number 432–868 arose out of a June 24, 2002 incident and case number 457–854 arose out of a January 30, 2005 incident. The bills of information reflect that Mr. Hickman had two prior felony convictions for possession of cocaine (crack), for which the felon in possession of a firearm charges arose.

**5.** It was stipulated that Officer Jackson is an expert in the field of fingerprint examination and identification.

date. Again, Officer Jackson compared the fingerprints in the packet with those he had taken from Mr. Hickman and confirmed that they belonged to Mr. Hickman.

Officer Jackson next identified a certified conviction packet for case number 457–854, which contained a bill of information charging Mr. Hickman with possession of a firearm by a felon and a waiver of constitutional rights—plea of guilty form. This form is dated October 29, 2007 and is signed by Mr. Hickman, his attorney and Judge Johnson. According to Officer Jackson, the fingerprints in this packet, too, matched those of Mr. Hickman.

At the conclusion of the multiple bill hearing, the trial court found Mr. Hickman to be a second felony offender, rather than a fourth felony offender as the State argued. The trial court found that, while the State proved Mr. Hickman's identity with respect to case number 457–854, in the other two predicate cases, it failed to meet its burden of proof as to Mr. Hickman's identity. More specifically, in case number 432–876 the trial court found that, because the fingerprints were copies contained on a separate sheet of paper rather than on the back of the guilty [6]plea form, there was no certainty that these fingerprints were actually from case number 432–876 (suggesting that the State could simply have introduced copies of Mr. Hickman's fingerprints from another case and insert-ed them into this case).[6] The trial court was also concerned that the State did not introduce an arrest fingerprint card of the arrestee to show that the arrestee and the person convicted were one in the same.[7]

In case number 457–314, the trial court found that the State had not proven that the fingerprints in the certified conviction packet were those of Mr. Hickman because those, like the ones in case number 432–876 were not contained on the back of the guilty plea form, but were on a separate page. The trial court also found it deficient because the guilty plea form was undated.

■ The State bears the burden of proof beyond a reasonable doubt at habitual offender proceedings. La. R.S. 15:529.1 D(1)(b) ("the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact"). Our jurisprudence is well-settled that, in order to "obtain a multiple offender conviction, the state is required to establish both the prior felony conviction[s] and that the defendant is the same person convicted of th[ose] felon[ies]." *State v. Hall*, 14–1046, p. 3 (La.App. 4 Cir. 5/13/15), 172 So.3d 61, 64, *writ denied*, 2015–0977 (La. 6/5/15), 169 So.3d 348, citing *State v. Payton*, 00–2899, p. 6 (La. 3/15/02), 810 So.2d 1127[7], 1130; *State v. Neville*, 96–0137, p. 7 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 538–539.

---

**6.** In case number 457–854, the certified conviction packet contained a guilty plea form which contained Mr. Hickman's fingerprints on the back page. In this case, however, the fingerprints were not copied on the back of the guilty plea form, but rather were copied on a separate page.

**7.** While the trial court expressed concern that the guilty plea form did not contain a signature by an attorney representing Mr. Hickman, the trial court's ultimate conclusion did not turn on this fact. Likewise, we note that both the Docket Master and the minute en-tries for case number 432–876 reflect that Mr. Hickman was actually represented by counsel when he pled guilty on October 29, 2007, and at which time the trial court interrogated him to ensure that his plea was knowing and voluntary. Mr. Hickman pled guilty in all three cases on the same date (and presumably the same time). Given that the guilty plea forms in the other two cases were signed by Mr. Hickman by the same counsel as appeared for him in case number 432–876, we do not find the lack of an attorney's signature on the guilty plea form to invalidate the form.

■■ As we noted in *State v. Watkins*, 13–1248, p. 38 n. 6 (La.App. 4 Cir. 8/6/14), 146 So.3d 294, 316, "[t]his Court has repeatedly held the Habitual Offender Act does not require the State to use a specific type of evidence to carry its burden at a habitual offender hearing. Rather, prior convictions may be proved by any competent evidence." (citations omitted). "Various methods are available to prove that the defendant is the same person convicted of the prior felony offense: testimony from witnesses, expert opinion regarding the fingerprints of the defendant when compared with those in the prior record, or photographs in the duly authenticated record." *Hall*, 14–1046, pp. 3–4, 172 So.3d at 64.

Where, as in the instant case, the prior convictions resulted from guilty pleas, the State must show that the defendant was advised of his constitutional rights, and that he knowingly and voluntarily waived those rights prior to pleading guilty, as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *State v. Stanfield*, 13–1193, p. 13 (La.App. 4 Cir. 3/26/14), 137 So.3d 788, 797, *writ denied*, 14–0833 (La. 11/21/14), 160 So.3d 969. In *Hall*, this Court reiterated the well-settled principles what the State must show at a habitual offender proceeding:

> If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea.

*Hall*, 14–1046, p. 4, 172 So.3d at 64, quoting *State v. Shelton*, 621 So.2d 769 (La. 1993).[8]

■ In this matter, the State offered into evidence certified packets for each of Mr. Hickman's three prior convictions. Each of the packets contained certified copies of the following non-exclusive documents: a bill of information, a waiver of constitutional rights—plea of guilty form,[9] copies of Mr. Hickman's fingerprints (as noted, in two of the packets, the fingerprints were contained on a separate page, rather than on the reverse side of the plea form), docket master, minute entries, and arrest registers. The packets likewise contain documents confirming Mr. Hickman's identity, including his name, race, social security number, gender, date of birth and state identification number.

---

**8.** *See also*, La. R.S. 15:529.1 D(1)(b): "Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction alleged in the information was obtained in violation of the constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particular-

ity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

**9.** The forms from each of the certified conviction packets are identical and reflect that Mr. Hickman, by initialing each line of the form, understood that he was waiving his rights, including his right to be represented by counsel.

While we acknowledge that one of the guilty plea forms was not signed by Mr. Hickman's counsel (in case number 432–876), both the docket master and the minute entry indicate that Mr. Hickman was, indeed, represented by counsel at the time that he pled guilty, and, as the latter document reflects, the trial court "personally interrogated [Mr. Hickman] as to his rights." Under these circumstances, we do not find this guilty plea form to be deficient. *See* footnote 7, *supra.*

Similarly, while the trial court expressed concern that, in two of the packets, Mr. Hickman's fingerprints were contained on a separate sheet rather than the back of the guilty plea form, a review of those fingerprint sheets clearly indicates that they are not duplicates of each other, or of the fingerprints contained in the one packet on which the fingerprints appear on the back of the form (case number 457–854). They also appear to be copies of the backs of the forms, as some of the print from the front of the forms (e.g., Mr. Hickman's name and initials) are clearly visible on the sheets containing Mr. Hickman's fingerprints. All of the fingerprints, as Officer Jackson testified, are attributable to Mr. Hickman. We, therefore, find the fact that Mr. Hickmans' fingerprints were copied on a separate page, rather than a two-sided single page to be inconsequential.

In *Shelton,* the Supreme Court held that a guilty plea form, along with a minute entry, sufficed as "evidence sufficient to meet [the State's] burden of making an affirmative showing that the guilty plea was informed, free and voluntary":

> In this case, the State submitted a minute entry which stated the judge "gave the Defendant his rights." Also introduced was a "Waiver of Constitutional Rights/Plea of Guilty" Form. The form listed several rights, including the right to trial by jury, the privilege against self-incrimination, and the right to confront accusers. After each right listed were the defendant's initials, indicating a waiver of those rights. The form also stated: "I understand all of the legal consequences of pleading guilty and wish to plead guilty at this time because I am in fact guilty of this crime," which statement was initialled by the defendant. *Most importantly, the form stated the following: "The court has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire."* The form was initialled several times by the defendant and was signed by the defendant, his attorney, and the trial judge.

*Shelton,* 621 So.2d at 777. (emphasis supplied). The Court concluded that the State had "submitted sufficient proof of the existence of the prior guilty plea and that defendant was represented by counsel at the time it was taken." *Id.,* 621 So.2d at 780.

We take note that our jurisprudence indicates that evidence of "the driver's license number, sex, race, and birth date [which] all identified the prior offender with defendant [reflected that the] State ... carried its burden of proving that this defendant is the Westbrook previously convicted..." *State v. Payton,* 00–2899, p. 6 (La. 3/15/02), 810 So.2d 1127, 1130, quoting *State v. Westbrook,* 392 So.2d 1043, 1045 (La.1980). *See also, State v. Fortune,* 10–0599, pp. 9–10 (La.App. 4 Cir. 12/22/10), 54 So.3d 761, 767 ("[t]he defendant's identity as the same person convicted of the prior felony offense may be proved by testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, or evidence of identical driver's license number, sex, race and date of birth").

Based on the record before us, we find that the weight and the totality of the evidence showed that Mr. Hickman was the same individual as the one involved in all three of the predicate prior convictions. We conclude, therefore, that the State presented sufficient evidence to prove Mr. Hickman's status as a fourth felony offender; the trial court erred in holding otherwise. We reverse the trial court's ruling as to the multiple bill, enter an adjudication as a fourth offender, vacate Mr. Hickman's original sentence, and remand the case for resentencing as a fourth felony offender consistent with this opinion.[10]

**JUDGMENT REVERSED, SENTENCE VACATED AND REMANDED FOR RESENTENCING**

JENKINS, J., CONCURS IN PART AND DISSENTS IN PART

JENKINS, J., CONCURS IN PART AND DISSENTS IN PART

I concur with the majority in finding that the State produced sufficient evidence to establish defendant's status as a fourth felony offender. However, in consideration that an adjudication of this defendant as a fourth felony offender subjects him to a mandatory minimum sentence of not less than twenty years and a maximum of a life sentence, I would remand this matter for a full sentencing hearing with instructions for the trial court to comply with Article 894.1(C) and I would reserve the right to defendant to seek appellate review of the sentence imposed. *See State v. Ellis*, 14–1170 (La.App. 4 Cir. 3/2/16), 190 So.3d 354.

10. Nothing herein prevents Mr. Hickman from seeking a downward departure of the statutory minimum sentence, at which time the trial court is to comply with Louisiana Code of Criminal Procedure article 894.1(C).